# United States District Court Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

Case Title: SHARON WEINSTOCK, et al., VS. ISLAMIC REPUBLIC OF IRAN

Plantiff(s) / Defendant(s)

Case Number: 23-cv-2824   Judge:

I, **Asher Perlin**, hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of **All Plaintiffs/Judgment Creditors** by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
| --- | --- |
| Florida (Florida Bar) | 08/05/1993 |
| New York (NY Bar) | 11/20/1995 |
| For federal court admissions, please see attached | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |

*If denied, please explain: (Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

**Has the applicant designated local counsel?**  Yes [ ]   No [x]

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| Question | Yes | No |
|---|---|---|
| sanctioned, censured, suspended, disbarred, or otherwise disciplined by any court? | [X] | [ ] |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | [ ] | [X] |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | [ ] | [X] |
| denied admission to the bar of any court? | [ ] | [X] |
| held in contempt of court? | [ ] | [X] |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

05/04/2023
Date

S/ Asher Perlin
Electronic Signature of Applicant

| Applicant's Name | Last Name: Perlin | First Name: Asher | Middle Name/Initial: -- |
|---|---|---|---|
| Applicant's Law Firm | Law Office of Asher Perlin | | |
| Applicant's Address | Street Address: 4600 Sheridan Street | | Room/Suite Number: 303 |
| | City: Hollywood | State: FL | ZIP Code: 33021 |
| | Work Phone Number: 786-687-0404 | | |
| | Email Address: asher@asherperlin.com | | |

(The pro hac vice admission fee is $150.00 and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $188.00 The fee for pro hac vice admission is $150.00. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

**Courts in Which I am in Good Standing and Eligible to Practice (continued)**

| Court | Date Admitted |
|---|---|
| Southern District of Florida | 2006 |
| Middle District of Florida | 2009 |
| Eleventh Cir. Court of Appeals | 2012 |
| D.C. Cir. Court of Appeals | 2013 |
| Seventh Cir. Court of Appeals | 2014 |
| U.S. Supreme Court | 2015 |
| District of Columbia District Court | 2016 |
| Eastern District of New York | 2017 |
| Southern District of New York | 2018 |
| District of Colorado | 2018 |
| Northern District of Florida | 2020 |

# Addendum to Application for Admission to the Northern District of Illinois

**Regarding membership status with the New York bar**.

My Application for Admission is supplemented as follows:

I have been a member in good standing of the Florida Bar since 1993 (Fla. Bar. No. 979112), and as indicated in my Application, I am admitted to, and in good standing with the bars several federal trial and appellate courts, including the Supreme Court of the United States.

As discussed below, my registration status with the New York Bar was previously suspended for non-payment of dues.

Please note that each of the federal courts to which I have applied have admitted me notwithstanding this prior status. Additionally, I have disclosed this information to the Florida Bar and to the federal courts to which I am admitted, all without consequence. I have paid all back-dues and been reinstated as a member in good standing of the New York bar.

Near the beginning of my career (1994-1996) I was employed by a New York law firm. At the time, I was admitted to the Bar of the State of New York (First Department, registration number 2712586). In 1996, I relocated to Israel, and have been residing abroad ever since. When I moved, I saw no need to maintain bar memberships in two states. I called the New York Bar and inquired about assuming inactive status. I was told that they had no "inactive status." However the New York Bar did not provide me with any further information. I left New York, stopped practicing there, and stopped paying bar dues. From my discussion with the bar, I was left with the understanding that my membership would simply lapse. That was in 1996.

In 2012, while preparing my application for admission to the bar of the United States Court of Appeals for the Eleventh Circuit, I visited the web site for the New York Bar to find out whether and how the New York Bar listed me on their membership rolls. I discovered that the Bar listed my registration status as "suspended."

I called the New York Bar and was told, for the first time, that the only ways to remove the suspended status were (1) retirement, which would prohibit me from practicing in other jurisdictions; (2) resignation; and (3) moving for readmission and paying all back dues to 1997. When I said I would resign, the clerk informed me that before I could resign, I had to be readmitted, which in turn, required me to pay all back

dues to 1997 and move for readmission. In other words, I could not even resign from the New York Bar unless I paid 15 years of dues.

I have never been the subject of any other bar discipline in any jurisdiction. That I failed to "resign" from the New York Bar in 1996, when I left New York, was the result of a miscommunication, and perhaps my failure to understand that the bar would not allow me to simply stop practicing in New York and allow my membership to lapse.

Due to the financial hardship of paying so many years of back-dues, I did not immediately cure my suspended status. However, in 2016, I paid the back-dues and successfully applied for reinstatement. My membership has been reinstated and I am in good standing with the NY bar.